# Exhibit A

| | |
|---|---|
| **LARIMER COUNTY DISTRICT COURT**<br>District Court, Larimer County, Colorado<br>201 LaPorte Ave.,<br>Fort Collins, CO 80521<br>(970) 494-3500 | DATE FILED<br>October 1, 2024 11:49 AM<br>FILING ID: AB9CC5B6AB765<br>CASE NUMBER: 2024CV30855 |
| **JORGE LOZANO,** an individual,<br>Plaintiff,<br><br>v.<br><br>**DAVID MARTIN,** an individual, **UNION PACIFIC RAILROAD COMPANY** a Delaware Corporation,<br>Defendants. | ♦COURT USE ONLY♦ |
| Sam Cannon # 46132<br>Megan McDonald #56945<br>The Law Office of Sam Cannon, LLC<br>320 Maple Street #115<br>Fort Collins, CO 80521<br>Telephone: (970) 471-7170<br>Fax: +1(970) 360-2684<br>sam@cannonlaw.com<br>megan@cannonlaw.com | CASE NO.:<br><br>DIVISION: |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, by and through his attorneys, The Law Office of Sam Cannon, LLC, and for his Complaint against the Defendants, states as follows:

## PARTIES

1. Jorge Lozano is an individual residing in Fort Collins, Larimer County, Colorado.

2. David Martin is an individual who, upon information and belief, resides in Cheyenne, Wyoming.

3. Union Pacific Railroad Company is a Delaware corporation authorized to do business in the State of Colorado with a principal office street address of 1400 Douglas Street, Omaha, NE 68179.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case under Colo. Const., Art. VI, § 9.

5. This Court is the appropriate venue for this action because the tortious acts that are the subject of this lawsuit took place in Larimer County, Colorado.

## GENERAL ALLEGATIONS

### THE RELATIONSHIP BETWEEN DEFENDANTS

6. On October 11, 2021, at approximately 7:26 a.m., Defendant Martin was driving a white 2018 freightliner utility dump truck near the intersection of Prospect Road and Timberline Road in Fort Collins, CO.

7. Upon information and belief, full details of which are in the sole possession of Defendants, at the time of this incident, Defendant Martin was employed by Defendant Union Pacific Railroad and was acting within the course and scope of his employment

### THE CRASH

8. As Defendant Martin was driving the freightliner utility dump truck in the westbound through lane on E. Prospect Road, Plaintiff was the driver of a white 2004 Volkswagen Jetta, in the westbound outside left turn lane on E. Prospect Road preparing to turn left onto S. Timberline Road.

9. As Defendant Martin was approaching the intersection of Prospect Road and Timberline Road, he realized he needed to turn left onto S Timberline Road.

10. Defendant Martin moved his vehicle into the turn lanes, crossing the solid white line.

11. Defendant Martin was required to ensure the lane was clear and unoccupied before changing lanes.

12. Defendant Martin did not verify the adjacent lane was clear and unoccupied before switching lanes and crashed into Plaintiff's vehicle.

13. When Defendant Martin illegally changed lanes, Plaintiff was unable to make any evasive maneuvers to avoid the collision.

14. Defendant Martin's utility dump truck collided with the Plaintiff causing moderate to severe damage to Plaintiff's vehicle.

15. Plaintiff was transported to the hospital by ambulance.

16. The crash caused Plaintiff to suffer chronic pain syndrome, lumbar radiculopathy, cervical radiculopathy, cervicalgia, among others.

17. Defendant Martin caused the crash and injuries to Plaintiff by failing to safely change lanes, violation of C.R.S. § 42-4-1007(1)(a).

18. The violation of C.R.S. § 42-4-1007(1)(a) was a direct and proximate cause of the subject crash.

19. Plaintiff is a member of the class for whose protection the statutes was enacted.

20. Defendant Martin was operating the utility dump truck in a careless, negligent, and reckless manner without due regard for the safety of others.

21. Defendant Martin was the sole cause of the crash.

22. Plaintiff was not a fault for the crash.

23. As direct and proximate result of all Defendants' conduct, Plaintiff suffered injuries, damages and losses including medical expenses, loss of income, loss of earning capacity, physical impairment, pain, suffering, physical and mental distress, and loss of enjoyment of life.

**CORPORATE DEFENDANT'S NEGLIGENCE**

24. Defendant Martin was employed by Defendant Union Pacific Railroad to drive a freightliner utility dump truck which is a commercial vehicle.

25. In order to perform his duties driving a commercial vehicle, Defendant Martin was required to obtain a commercial driver's license.

26. To obtain a commercial driver's license, Defendant Martin was required to undergo specific training on road safety.

27. As an employee involved in use of a commercial vehicle, Defendant Martin received specific training about the necessity of driving carefully and with the highest degree of care for other road users.

28. As Defendant Martin's employer, Defendant Union Pacific Railroad was required to check Defendant Martin's qualifications and background to ensure he was suitable for his job in line with reasonable safety standards.

29. As Defendant Martin's employer, Defendant Union Pacific Railroad was required to train Defendant Martin to ensure his ability to perform his job duties was in line with reasonable safety standards.

30. As Defendant Martin's employer, Defendant Union Pacific Railroad was required to supervise Defendant Martin's job performance to ensure it was in line with reasonable safety standards and that he was driving safely.

31. As Defendant Martin's employer, Defendant Union Pacific Railroad was required to supervise Defendant Martin's work conditions so that he was able to complete his expected workload while driving in a safe and reasonable manner.

4

32. Upon information and belief, full details of which are in the sole possession of Defendants, Defendant Union Pacific Railroad failed to do one or more of the following, breaching its duties to reasonably hire, train and supervise Martin:

    32.1. Investigate Defendant Martin's background and licensure to ensure he was a suitable candidate for a job where he was required to drive a commercial vehicle.

    32.2. Train Defendant Martin to ensure that he was fully knowledgeable of the risks of driving a commercial vehicle and that he was knowledgeable about Colorado traffic laws, able to follow them reliably, and able to avoid collisions with other road users.

    32.3. Supervise Defendant Martin to ensure that he was driving safely and that any concerns with his safe driving were promptly corrected.

    32.4. Supervise Defendant Martin's work conditions so that he was able to complete his expected workload while driving in a safe and reasonable manner without having to violate Colorado traffic laws to complete his assigned work in a reasonable time.

33. Had Defendant Union Pacific Railroad fully and reasonably complied with their obligations to check Defendant Martin's qualifications and background, to train Martin, and to supervise Martin's performance of his job duties, Martin would not have ignored Colorado law and caused the crash with Plaintiff on October 11, 2021.

34. As a direct and proximate result of all Defendants' conduct, Plaintiff suffered injuries, damages and losses including medical expenses, loss of income, loss of earning capacity, physical impairment, pain, suffering, physical and mental distress, and loss of enjoyment of life.

### *FIRST CLAIM FOR RELIEF*
*(Negligence-Defendant Martin)*

35. Plaintiff incorporates all previous allegations herein.

36. At the time of the crash, Martin had a duty to exercise the level of care a reasonably prudent person would under the circumstances he was presented.

37. Defendant Martin breached his duty of care when he failed to safely change lanes striking Plaintiff's vehicle, causing the collision.

38. Defendant Martin's careless and negligent conduct was the direct and proximate cause of Plaintiff's injuries, damages and losses.

39. As a direct and proximate result of the above-described negligence of Defendant Martin, Plaintiff suffered injuries, damages and losses including medical expenses, loss of income, loss of earning capacity, physical impairment, pain, suffering, physical and mental distress, and loss of enjoyment of life.

## *SECOND CLAIM FOR RELIEF*
### *(Negligence Per Se-Defendant Martin)*

40. Plaintiff incorporates all previous allegations herein.

41. At the time of the collision, C.R.S. § 42-4-1007(1)(a) was in effect.

42. Defendant Martin violated C.R.S. § 42-4-1007(1)(a) when he failed to safely change lanes and collided with Plaintiff's vehicle.

43. Plaintiff is an individual that Colorado traffic laws and ordinances were designed to protect.

44. The injuries Plaintiff suffered are the type of harm C.R.S. § 42-4-1007(1)(a) was designed to prevent.

45. Defendant Martin's violation of the above statute constitutes a negligent and careless disregard for the rights and well-being of Plaintiff, and is negligence per se.

46. As a direct and proximate result of the above-described negligence of Defendant Martin, Plaintiff suffered injuries, damages and losses including medical expenses, loss of income, loss

of earning capacity, physical impairment, pain, suffering, physical and mental distress, and loss of enjoyment of life.

## THIRD CLAIM FOR RELIEF
*(Vicarious Liability-Union Pacific Railroad Company)*

47. Plaintiff incorporates all previous allegations herein.

48. At the time of the collision, Defendant Martin was employed by the Union Pacific Railroad Company.

49. Defendant Martin was acting in the course and scope of his employment with the Union Pacific Railroad Company at the time of the collision.

50. Because Defendant Martin' conduct was negligent and that negligence occurred in the course and scope of his employment with Union Pacific Railroad Company, the Union Pacific Railroad Company is vicariously liable for Plaintiff's injuries under the Doctrine of Respondeat Superior.

51. As a direct and proximate result of the negligence of Defendant Martin, done in the course and scope of his employment with the Union Pacific Railroad Company, Plaintiff suffered injuries, damages and losses including medical expenses, loss of income, loss of earning capacity, physical impairment, pain, suffering, physical and mental distress, and loss of enjoyment of life.

## FOURTH CLAIM FOR RELIEF
*(Negligent Hiring, Training & Supervision-Union Pacific Railroad Company)*

52. Plaintiff incorporates all previous allegations herein.

53. The Union Pacific Railroad Company employed Defendant Martin to operate a utility dump truck.

54. Union Pacific Railroad Company had a duty to exercise the level of care reasonably prudent entity would under the circumstances it was presented.

55. The Union Pacific Railroad Company's duties included the duties to investigate Martin background before he was hired to ensure he was a suitable candidate for a position driving a utility dump truck, train Martin so that he understood the need to drive safely and was able to reliably comply with Colorado traffic laws, supervise his job performance to ensure he was driving safely, and to supervise the assignment of work and duties to Martin to ensure he could complete them in a reasonable time without violating Colorado traffic laws.

56. The Union Pacific Railroad Company breached its duties by failing to hire, train, or supervise Defendant Martin in such a way as to ensure he did not violate Colorado's traffic laws during the course of his employment.

57. Because of the Union Pacific Railroad Company's failure to adequately verify Defendant Martin' qualifications and background, train Martin, and supervise Martin, Martin failed to drive reasonably safely in obedience of Colorado traffic laws on October 11, 2021, causing the crash with Plaintiff.

58. As a direct and proximate result of the crash, Plaintiff suffered injuries, damages and losses including medical expenses, loss of income, loss of earning capacity, physical impairment, pain, suffering, physical and mental distress, and loss of enjoyment of life.

**PRAYER FOR RELIEF**

Plaintiff asks the Court for judgment against Defendants and for compensatory damages, for costs incurred, pre- and post-interest as allowed by law, and for any other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands that all issues be tried to a jury.

DATED: October 1, 2024.

                                        **THE LAW OFFICE OF SAM CANNON**

                                        *s/Megan McDonald*
                                        Megan McDonald

Plaintiff's address:
Jorge Lozano
c/o The Law Office of Sam Cannon, LLC
320 Maple Street #115
Fort Collins, CO 80521